RECEIVED
JUL 07 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| CALVIN WASHINGTON | CIVIL ACTION NO. 07-0537 |
| VS. | JUDGE DOHERTY |
| MICHAEL ASTRUE, Commissioner<br>Social Security Administration | MAGISTRATE JUDGE METHVIN |

## REPORT AND RECOMMENDATION

Before the court is an appeal of the Commissioner's finding of non-disability. Considering the administrative record, the briefs of the parties, and the applicable law, it is recommended that the Commissioner's decision be **AFFIRMED** and the case be **DISMISSED**.

### *Background*

Calvin Washington is a 55 year old claimant. Washington has a seventh grade education and is a certified automotive technician. On January 5, 2004, Washington tripped and fell while at work, injuring his back. On March 17, 2005, Washington applied for disability insurance benefits, alleging disability due to back pain.[1] Washington's application was denied on initial review, and an administrative hearing was held on July 12, 2006.[2] On September 29, 2006, the ALJ found that Washington not disabled. The Appeals Council denied review and Washington timely filed this appeal.

### *Assignment of Errors*

Washington raises a number of errors, but essentially contends that the ALJ's findings are unsupported by substantial evidence.

---

[1] Tr. 55.

[2] Tr. 131-180.

## *Standard of Review and the Commissioner's Findings*

The court's review is restricted under 42 U.S.C. §405(g) to two inquiries: (1) whether the Commissioner's decision is supported by substantial evidence in the record; and (2) whether the decision comports with relevant legal standards. Carey v. Apfel, 230 F.3d 131, 136 (5th Cir. 2000); Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir.1992); Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Carey, 230 F.3d at 136; Anthony, 954 F.2d at 292; Carrier v. Sullivan, 944 F.2d 243, 245 (5th Cir. 1991). The court may not reweigh the evidence in the record, nor substitute its judgment for that of the Commissioner, even if the preponderance of the evidence does not support the Commissioner's conclusion. Carey, 230 F.3d at 136; Johnson v. Bowen, 864 F.2d 340, 343 (5th Cir.1988). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. Johnson, 864 F.2d at 343.

In determining whether a claimant is capable of performing substantial gainful activity, the Secretary uses a five-step sequential procedure set forth in 20 C.F.R. §404.1520(b)-(f) (1992):

1. If a person is engaged in substantial gainful activity, he will not be found disabled regardless of the medical findings.

2. A person who does not have a "severe impairment" will not be found to be disabled.

3. A person who meets the criteria in the list of impairments in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors.

4. If a person can still perform his past work, he is not disabled.

5. If a person's impairment prevents him from performing his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

In the case at bar, the ALJ found that Washington's degenerative disc disease of the lumbar spine was a severe impairment.[3] At Step 5, the ALJ found that Washington could perform light work with limitations on climbing, kneeling, balancing, and crawling. Relying on the testimony of a vocational expert, the ALJ found that there were jobs existing in significant numbers which Washington could perform, and therefore he was not disabled.

## *Administrative Record*

On January 5, 2004, Washington injured his back while at work. On January 9, 2004, Washington was examined by Dr. James Mwatibo, a general physician.[4] Washington complained of numbness in his right leg, and was prescribed pain medication and physical therapy. On January 21, 2004, a MRI of the lumbar spine showed a small central disc protrusion at L4-5.[5] Washington continued to be treat with Dr. Mwatibo until February 25, 2004.[6]

An MRI of the lumbar spine taken on September 13, 2004 showed a mild broad based right posterolateral disk protrusion at L3-4, and a moderate right and mild left facet joint arthropathy at L4-5.[7]

---

[3] Tr. 15.

[4] Tr. 90-91.

[5] Tr. 83.

[6] Tr. 77.

[7] Tr. 113.

On November 29, 2004 Washington was examined by Dr. John Cobb, an orthopedic surgeon.[8] Washington complained of stiffness in his lower back and legs, as well as numbness, burning, and tingling in his legs and the toes of his left foot. Washington had normal posture, no weakness was noted in the right lower extremity and questionable weakness on the left. His range of motion of the lumbar spine was restricted by pain. Motor and sensory function was normal. Washington's straight leg tests were negative bilaterally. Dr. Cobb diagnosed post-traumatic lumbar pain syndrome and degenerative disc with herniation on the right at L3-4.

On February 16, 2005, Washington was examined at the E.R. of Southwest Medical Center for low back pain.[9]

On September 12, 2005, a CT and myelogram were performed, showing a right sided disc protursion at L4-5 and L3-4, with bulging at L4-5 and L3-4.[10]

Washington was examined for the second time by Dr. Cobb on September 26, 2005.[11] Dr. Cobb recommended that Washington undergo a laminectomy, discectomy, and decompression with posterior fusion at L3-4 and L4-5.[12]

On April 13, 2005, Washington underwent cardiac catheterization with Dr. Padumane Lakshmiprasad, which revealed normal coronary anatomy.[13]

---

[8] Tr. 108.

[9] Tr. 114-118.

[10] Tr. 111.

[11] Tr. 111.

[12] Tr. 111. The surgery was performed on June 26, 2007, after the ALJ's decision had become final and the case was pending in this court for review. *See* Exhibit to Rec. Doc. 7.

[13] Tr. 123-124.

Washington was examined by Dr. Lori Taylor at the request of Disability Determination Services on May 21, 2005.[14] Washington complained of back pain that radiates down the back of his legs and causes his right leg to give out at times. Washington reported that he can stand for 30 minutes at a time, walk for one-to-two blocks, sit for 45 minutes, and lift 20 pounds. Washington had stiff posture, some limitation of lumbar spine flexion, and negative straight leg raise tests. Washington was able to walk on heals and toes and able to squat with good recovery. Dr. Taylor found that Washington had limited range of motion in his lumbar spine, but no signs of radiculopathy, and he was able to sit, stand, walk, and handle objects without difficulty.

During the administrative hearing, Washington testified that the pain begins in the middle of his back and goes down into his legs, causing his legs to feel hot.[15] He has trouble sleeping and has to change positions often. On a typical day he watches 10 hours of T.V. He walks to visit his sister-in-law several days a week, shops daily, goes to church three Sundays a month, and plays the keyboard. Washington testified that he can walk three blocks, stand for 15 minutes, lift 15 to 20 pounds, but he cannot climb stairs, and has trouble kneeling.

### *Findings and Conclusion*

Washington's contentions regarding the ALJ's errors are summarized as follows in his brief:

1. [The ALJ erred in finding that] "The Claimant's statement concerning the intensity, persistence and limiting effect of these symptoms are not entirely credible."

---

[14] Tr. 97-99.

[15] Tr. 143.

2. The Administrative Law Jude erroneously held that "The undersigned cannot ignore that claimant seeks very little, if any, medical treatment for his allegedly disabling impairments. It is reasonable to believe that if claimant's impairments were as severe and disabling as alleged, he would have sought regular medical treatment."

3. The Administrative Law Judge erroneously held that claimant's allegedly daily activities cannot be objectively certified with any degree of certainty.

4. The Administrative Law Judge erroneously held that Dr. Cobb's statement that "claimant was unable to work" was a conclusory statement and not a medical opinion.

5. The Administrative Law Judge had no medical evidence contrary to the findings of Dr. John Cobb, MRIs, and myelogram. The Administrative Law Judge simply substituted her opinion of the injury which was diametrically contrary to objective medical evidence and contrary to the medical opinion of the treating orthopedic surgeon.

6. The Administrative Law Judge questioned the credibility of the claimant's injuries even after a physical residual functional capacity assessment conducted by the Social Security Administration founds as follows, "Claimant's allegations of back problems are considered to be credible."[16]

The court's function is to determine whether substantial evidence supports the ALJ's decision. As set forth above, a finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. Johnson v. Bowen, 864 F.2d 340, 343 (5th Cir.1988). Here, the medical evidence supports the ALJ's decision.

The ALJ is responsible for assessing the medical evidence and determining the claimant's residual functional capacity. Perez v. Heckler, 777 F.2d 298, 302 (5th Cir. 1985). Although the opinion and diagnosis of a treating physician should be afforded considerable weight in determining disability, "the ALJ has sole responsibility for determining a claimant's disability

---

[16] Rec. Doc. 7 at pps. 6-7.

status." Martinez v. Chater, 64 F.3d 172, 175-176 (5th Cir. 1995), quoting, Moore v. Sullivan, 919 F.2d 901, 905 (5th Cir. 1990). Although the ALJ is entitled to make credibility determinations, when medical evidence supports complaints of pain and the opinions of physicians, the ALJ must have good cause for his credibility decisions. Greenspan v. Shalala, 38 F.3d 232, 237 (5th Cir. 1994); Cook v. Heckler, 750 F.2d 391, 395 (5th Cir. 1985); Jones v. Bowen, 829 F.2d 524, 527 (5th Cir. 1987).[17] "The ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." Id. quoting, Bradley v. Bowen, 809 F.2d 1054, 1057 (5th Cir. 1987).[18]

The ALJ's decision addresses the medical history and Washington's testimony. The ALJ determined that:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a wide range of light work. The claimant can lift/carry twenty pounds occasionally and 10 pounds frequently. He can sit for 6 hours of 8 and stand/walk 6 hours of 8. He cannot climb ropes, ladders or scaffolds. He can occasionally climb ramps/stairs, balance, stoop, kneel, crouch or crawl.[19]

Although in coming to this decision the ALJ necessarily had to discount the extent of Washington's allegations concerning disabling pain and Dr. Cobb's opinion that Washington "is

---

[17] The ALJ's determination in this regard is entitled to considerable deference. Id. However, if uncontroverted medical evidence reveals a basis for the subjective complaints of pain, the "ALJ's unfavorable credibility evaluation of a claimant's complains of pain will not be upheld on judicial review . . . at least where the ALJ does not on an articulated basis weigh the objective medical evidence in assigning reasons for discrediting the claimant's subjective complaints of pain." Cook v. Heckler, 750 F.2d at 395.

[18] The ALJ is certainly able to decrease reliance on treating physician testimony for good cause. Leggett v. Chater, 67 F.3d 558, 566 (5th Cir. 1995). "Good cause for abandoning the treating physician rule includes 'disregarding statements [by the treating physician] that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by evidence.'" Id.

[19] Tr. 16.

unable to work at this time," by limiting Washington to a limited range of light work, the ALJ gave some weight to Washington and Dr. Cobb's opinions.

Considering the record as a whole, the undersigned concludes that substantial evidence supports the ALJ's decision to discredit the extent of Washington's subjective complaints of disabling pain and Dr. Cobb's opinion. By limiting Washington from performing the medium duty work that he performed in the past, the ALJ acknowledged that Washington was in pain and that his condition posed serious work-related limitations. Although Washington has a herniated disc and limited range of motion due to pain, he has negative straight leg tests, no spasms, and did not continuously seek medical treatment. Further, Dr. Taylor found that Washington could lift sit, stand, walk, and handle objects without difficulty, and the DDS physician found that his impairments did not prevent him from sitting and standing for six hours a day.[20] The record also shows that Washignton walks three blocks to visit his sister-in-law and shops daily.

Further, Dr. Cobb's statement that Washington could not perform work at that time did not delineate which work-related tasks Washington was incapable of performing. This information was required in order for the ALJ to determine Washington's residual functional capacity and whether he was disabled. Absent explanation, it is unclear whether Dr. Cobb meant that Washington could not perform the medium level work that he had performed prior or exactly what physical abilities were affected. Because the determination of the disability is reserved to

---

[20] Tr. 100-106. It is noted that Washington points to the fact that the DDS physician stated that Washington's "allegation of back problems is considered to be credible" as being at odds with the ALJ's decision. This is incorrect. First, the ALJ did not determine that all of Washington's pain allegations were not credible, and therefore, the decision comports with the DDS RFC analysis. Moreover, even though the DDS physician determined that Washington's back problems were credible, the physician also determined, just as the ALJ, that Washington could perform light duty work. Thus, the ALJ's decision is not contradicted by the DDS RFC assessment.

the Commissioner, the ALJ was not required to accept Dr. Cobb's opinion that he could not work absent additional information outlining the basis for that opinion.

There is substantial evidence in the record to support the ALJ's conclusion that, although Washington suffers from severe impairments that cause pain and work-related limitations, he is not precluded from performing the requirements of light work. The ALJ did not find that Washington's back problems were not genuine, but instead he found that other evidence indicated that Washington could perform a range of light work, with limitations. Since the ALJ's credibility determinations are entitled to considerable deference, and there appears to be no error in the residual functional capacity evaluation, the undersigned concludes that the ALJ did not err in assessing Washington's credibility.

## *Conclusion*

The undersigned finds that substantial evidence of record supports the ALJ's decision. Accordingly, it is **RECOMMENDED** that the Commissioner's decision be **AFFIRMED** and the case be **DISMISSED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)© and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after receipt of a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P.**

6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on ____July 3____, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)